IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

WILMA J. BLEDSOE,

    Plaintiff,

vs.      No. 08-1046-B

PINNACLE FOOD GROUP, INC.,

    Defendant.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

On February 26, 2008, Plaintiff Wilma J. Bledsoe, a resident of Jackson, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., along with a motion seeking leave to proceed in forma pauperis and appointment of counsel. On the basis of the information set forth in Plaintiff's affidavit, the motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as Pinnacle Food Group, Inc.

Plaintiff has also filed a motion requesting appointment of counsel. Two statutes authorize a district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney

to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

(2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of Plaintiff's case, the Court is unable to conclude that Plaintiff has satisfied that standard. A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. The motion for appointment of counsel is DENIED.

It is ORDERED that the Clerk shall issue process for Defendant and deliver that process to the marshal for service. Service shall be made on Defendant pursuant to Fed. R. Civ. P. 4(h)(1). All costs of service shall be advanced by the United States.

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for Defendant. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and the local rules of this Court.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these

---

[2] The Second Circuit has elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 21st day of July, 2008.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE